IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHARLES LAWTON,** <br> Petitioner, <br> v. <br> **WILLIAM MUNIZ, Warden,** <br> Respondent. | 1:17-cv-00737-MJS (HC) <br> **ORDER GRANTING MOTION TO VACATE (ECF NO. 10)** <br> **ORDER REQUIRING RESPONDENT TO FILE RESPONSE** <br> **ORDER SETTING BRIEFING SCHEDULE** |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. William Muniz, Warden of Salinas Valley State Prison, is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

On May 31, 2017, the Court issued an order directing Respondent to respond to the petition and setting a briefing schedule. (ECF No. 4.) On July 5, 2017, Petitioner filed a first amended petition. (ECF No. 9.) Before the Court is Respondent's request to vacate the Court's prior order and schedule so that Respondent may instead respond to the amended petition. (ECF No. 10.) The Court will do so.

The Court has conducted a preliminary review of the amended petition. It is not clear from the face of the amended petition whether Petitioner is entitled to relief. 28

1

U.S.C. § 2243. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[1] the Court HEREBY ORDERS:

1. The Court's prior order directing Respondent to respond and setting a briefing schedule is VACATED;

2. Respondent SHALL FILE a RESPONSE to the Amended Petition[2] within **SIXTY (60) days** of the date of service of this order. See Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing a response). A Response can be made by filing one of the following:

   A. AN ANSWER addressing the merits of the Amended Petition. Respondent SHALL INCLUDE with the Answer any and all transcripts or other documents necessary for the resolution of the issues presented in the Amended Petition. See Rule 5, Rules Governing Section 2254 Cases. In the event Respondent asserts in the ANSWER that Petitioner has *procedurally defaulted* a claim, Respondent must also address the merits of the claim asserted. Copies of all transcripts and documents shall be filed electronically, unless not possible. See Local Rule 190(f).

   B. A MOTION TO DISMISS the Amended Petition. A Motion to Dismiss SHALL INCLUDE copies of all Petitioner's state court filings and dispositive rulings. See Rule 5, Rules Governing Section 2254 Cases.[3] Copies of

---

[1] The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus ... to the extent that the practice in those proceedings (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions." Fed.R.Civ.P. 81(a)(4). Rule 12 also provides "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rule 12, Rules Governing Section 2254 Cases.

[2] Respondent is advised that a scanned copy of the Petition is available in the Court's electronic case filing system ("CM/ECF").

[3] Rule 4 of the Rules Governing Section 2254 Cases provides that upon the court's determination that summary dismissal is inappropriate, the "judge must order the respondent to file an answer or *other pleading . . . or to take other action the judge may order*." Rule 4, Rules Governing Section 2254 Cases (continued…)

2

| | |
|---|---|
| 1 | state court filings shall be filed electronically, unless not possible. See Local Rule 190(f). |
| 2. | If Respondent files an Answer to the Amended Petition, Petitioner MAY FILE a Traverse within **THIRTY (30) days** of the date Respondent's Answer is filed with the Court. If no Traverse is filed, the Amended Petition and Answer are deemed submitted at the expiration of the thirty days. |
| 3. | If Respondent files a Motion to Dismiss, Petitioner SHALL FILE an Opposition or Statement of Non-Opposition within **TWENTY-ONE (21) days** of the date Respondent's Motion is filed with the Court. If no Opposition is filed, the Motion to Dismiss is deemed submitted at the expiration of the thirty days. Any Reply to an Opposition to the Motion to Dismiss SHALL be filed within **SEVEN (7) days** after the opposition is served. |

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 230(l). Extensions of time will only be granted upon a showing of good cause. All provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

Dated: August 3, 2017   /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

---

(…continued)
(emphasis added); see also Advisory Committee Notes to Rule 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney General may file a Motion to Dismiss for failure to exhaust.); White v. Lewis, 874 F.2d 599, 60203 (9th Cir. 1989) (providing that Motions to Dismiss pursuant to Rule 4 are proper in a federal habeas proceeding.)

3