IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LAWTON,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM MUNIZ,<br><br>Respondent. | Case No. 1:17-cv-00737 MJS (HC)<br><br>**ORDER GRANTING PETITIONER'S MOTION TO STAY;**<br><br>**(ECF No. 12)**<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO VACATE ORDER REQUIRING RESPONSE TO AMENDED PETITION**<br><br>**(ECF No. 15)**<br><br>**CLERK OF COURT DIRECTED TO ADMINISTRATIVELY CLOSE THIS CASE PENDING FURTHER COURT ORDER** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his February 15, 2013 conviction from the Kern County Superior Court on eight counts of robbery, one count of conspiracy to commit robbery, one count of assault with a semiautomatic firearm, one count of attempted robbery, one count of felon in possession of a firearm, and one count of participation in a criminal street gang. (ECF No. 9.) In his first amended petition, Petitioner presents three claims for relief including (1) failure to bifurcate the gang

1

allegations, (2) unduly suggestive identification procedure, and (3) failure to exclude a biased juror. (Id.) On August 4, 2017, the Court ordered Respondent to file a response to the first amended petition. (ECF No. 11.)

On August 7, 2017, Petitioner filed a motion to stay the first amended petition to exhaust five additional previously unraised claims in state court. (ECF No. 12.) Petitioner claims that he has discovered the following grounds that not raised in state court: (1) detention of a vehicle that was not supported by probable cause; (2) the state did not provide a full and fair hearing of the Fourth Amendment claim; (3) the detective's probable cause statement was made with reckless disregard for the truth; (4) false evidence was used to convict Petitioner; and (5) ineffective assistance of counsel by Petitioner's trial counsel and appellate counsel. (Id. at 2.)

On October 4, 2017, Respondent filed a motion to vacate the order requiring response to the first amended petition pending ruling on Petitioner's motion to stay. (ECF No. 15.)

For the reasons outlined below, both motions (ECF Nos. 12; 15) are granted and this matter shall be stayed pending exhaustion of Petitioner's five additional claims in state court.

**I.    Motion to Stay**

**A.    Stay and Abeyance Procedures**

There are two procedures available to federal habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief. Under the Rhines procedure, a district court may stay a petitioner's "mixed petition" (containing both exhausted and unexhausted claims), while petitioner returns to state court to exhaust his unexhausted claims. Rhines v. Weber, 544 U.S. 269, 277-78 (2005); see also King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009). A stay under Rhines is appropriate only when petitioner has demonstrated good cause for failing to previously exhaust his claims in state court, and is not available if the unexhausted claims are "plainly meritless," or petitioner has engaged in "abusive litigation tactics or intentional delay." Rhines, 544 U.S. at 277–78.

The Kelly procedure has been described by the Ninth Circuit Court of Appeals to involve the following three-step process:

> (1) petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King v. Ryan, 564 F.3d at 1135 (citing Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003)).

Importantly, "the Kelly procedure . . . is not premised upon a showing of good cause." King, 564 F.3d at 1140. However, "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely" under the Antiterrorism and Effective Death Penalty Act of 1996's (AEDPA) statute of limitations.[1] King, 564 at 1140–41. Thus, the Kelly procedure, in contrast to the Rhines procedure, does not protect a petitioner's unexhausted claims from expiring during a stay and becoming time-barred in federal court. King, 564 F.3d at 1140–41; see also Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll AEDPA's statute of limitations). "[T]he Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." King, 564 F.3d at 1141.

If a newly exhausted claim is time-barred, it may be added in an amended petition only if it "relates back" to petitioner's original exhausted claims. However, a new claim does not "relate back" to the original petition simply because it arises from "the same trial, conviction, or sentence." Mayle v. Felix, 545 U.S. 644, 662-64 (2005). Rather, the

---

[1] AEDPA's limitation period is calculated from the "latest" of four commencement dates. See 28 U.S.C. § 2244(d)(1)(A) (date on which the judgment became final); § 2244(d)(1)(B) (date on which the illegal state-action impediment to filing was removed); § 2244(d)(1)(C) (date on which the asserted constitutional right was initially recognized by the U.S. Supreme Court and made retroactive to cases on collateral review); and § 2244(d)(1)(D) (date on which the factual predicate of the claim could have been discovered through due diligence).

new claim must be of the same "time and type" as the original exhausted claims, and share a "common core of operative facts" with those claims. Id. at 659.

The decisions in both Kelly and Rhines "are directed at solving the same problem—namely, the interplay between AEDPA's one-year statute of limitations and the total exhaustion requirement first articulated in Rose v. Lundy, 455 U.S. 509 (1982)." King, 564 F.3d at 1136.

### B. Comparison of Claims

In the first amended petition, petitioner raises the following claims: (1) failure to bifurcate the gang allegations; (2) unduly suggestive identification procedure; and (3) failure to exclude a biased juror. (ECF No. 9.) These claims were raised on direct appeal, in the Court of Appeal, and the California Supreme Court, and were denied on the merits. (Id. at 2.)

In the separately filed motion to stay, petitioner lists his unexhausted claims: (1) detention of a vehicle that was not supported by probable cause; (2) the state did not provide a full and fair hearing of the Fourth Amendment claim; (3) the detective's probable cause statement was made with reckless disregard for the truth; (4) false evidence was used to convict Petitioner; and (5) ineffective assistance of counsel by Petitioner's trial counsel and appellate counsel. (ECF No. 12 at 2.)

### C. Discussion

In the motion to stay, Petitioner failed to identify the type of stay he seeks. The three claims raised in the first amended petition are exhausted, and petitioner did not file an amended petition including unexhausted claims. Moreover, Petitioner failed to address the elements of Rhines, and failed to demonstrate good cause for his failure to earlier exhaust the proposed new claims contained in the instant motion. Because the instant petition is not a "mixed petition," and petitioner failed to demonstrate good cause, Rhines is not applicable. King, 564 F.3d at 1140, 1143 ("Instead, a petitioner may invoke Kelly's three-step procedure subject only to the requirement that the amendment of any newly exhausted claims back into the petition must satisfy Mayle." ).

The district court has discretion to implement stay-and-abeyance under <u>Kelly</u> where the standard for a <u>Rhines</u> stay is not met, and outright dismissal could render it unlikely or impossible for petitioner to return to court within the limitations period. <u>King</u>, 564 F.3d at 1143. Under <u>Kelly</u>, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. <u>King</u>, 564 F.3d at 1135 (citing <u>Kelly</u>, 315 F.3d at 1070-71). The instant amended petition, asserting only exhausted claims, satisfies the first step under <u>Kelly</u>. As set forth above, the court is not required to find good cause to proceed to the second step of <u>Kelly</u>, by granting Petitioner's motion for stay and hold this amended petition in abeyance while petitioner exhausts his new claims in the state courts.

However, Petitioner is cautioned that "technical exhaustion" in the state courts does not guarantee federal review at the third step of the <u>Kelly</u> procedure. <u>See</u> <u>Mayle</u>, 545 U.S. at 659 (newly exhausted claim that is untimely under AEDPA may be added only if it "relates back" to the original exhausted claims); <u>Duncan</u>, 533 U.S. at 172-75 (AEDPA's statute of limitations is not tolled by the filing of federal habeas petition); <u>King</u>, 564 F.3d at 1140–41 (a newly exhausted claim may be added to a stayed federal petition if timely under ADEPA); <u>see also</u> <u>Murray v. Schriro</u>, 745 F.3d 984, 1015 (9th Cir. 2014) (a federal court is without jurisdiction to consider federal claims found by state courts to be procedurally barred).[2]

Therefore, while the Court will grant petitioner's motion to stay and abey this

---

[2] As a general rule, any claim found by the state courts to be procedurally defaulted will not be considered in this court:

> The doctrine of procedural default provides that "a federal court will not review the merits of claims, including constitutional claims, which a state court declined to hear because the prisoner failed to abide by a state procedural rule." <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012). This doctrine is grounded in federalism, because federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." <u>Coleman v. Thompson</u>, 501 U.S. 722, 726-29 (1991).

<u>Murray</u>, 745 F.3d at 1015.

action, it does not at this time reach the question of whether any of the new claims Petitioner intends to exhaust may later be presented in this federal habeas action by way of amendment. The Court will address that question when, and if, Petitioner seeks leave to present his newly exhausted claims to this court in a further amended federal petition pursuant to the third step of the procedure authorized by the Ninth Circuit in Kelly.

For these reasons, the court will grant petitioner's motion to stay this federal habeas action pending petitioner's exhaustion of state court remedies on his unexhausted claims.

**II.     Motion to Vacate**

As the Court is granting Petitioner's motion to stay this action, the order requiring Respondent to file an answer to the first amended petition must be vacated. Accordingly, Respondent's motion to vacate (ECF No. 15) will be granted.

**III.    Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay this action (ECF No. 12) is granted;

2. This action is stayed pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), pending exhaustion of state court remedies on Petitioner's unexhausted claims;

3. Petitioner is directed to file in this court, every ninety (90) days commencing with the filing date of this order, a status report that details Petitioner's progress in exhausting his unexhausted claims in the state courts;

4. Petitioner is directed to file in this court, within thirty (30) days after the California Supreme Court issues a final order resolving Petitioner's unexhausted claims, a motion requesting that the instant stay be lifted, and that leave be granted to file a Second Amended Petition for Writ Of Habeas Corpus pursuant to 28 U.S.C. § 2254; Petitioner shall include his proposed Second Amended Petition;

5. Respondent's motion to vacate the order requiring response to the first amended petition (ECF No. 15) is granted; and,

6. The Clerk of Court is directed to administratively close this case until further order of this Court.

IT IS SO ORDERED.

Dated: December 29, 2017         /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE