UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LAWTON,<br><br>    Petitioner,<br><br>    v.<br><br>WILLIAM MUNIZ,<br><br>    Respondent. | No. 1:17-cv-00737-JDP (HC)<br><br>ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DISMISS PETITION FOR FAILURE TO PROSECUTE<br><br>RESPONSE DUE IN 30 DAYS |

    Petitioner Charles Lawton, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. In December 2017, the court stayed this case to allow petitioner to exhaust his state-court remedies. ECF No. 16. The court also required petitioner to file a status report every ninety days to inform the court of the status of his state-court proceedings. *Id.* at 6. In August 2018, petitioner informed the court (1) that his habeas petition in state court had been denied based on his failure to support certain facts under penalty of perjury and (2) that petitioner was attempting to remedy that defect. ECF No. 20. About nine months have passed, and petitioner has not informed the court of the status of his state-court proceedings.

    The court may dismiss a case for plaintiff's failure to prosecute or failure to comply with court order. *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Involuntary dismissal is a harsh penalty, but a district court has duties to resolve disputes expeditiously and to avoid needless burden on the parties. *See*

Fed. R. Civ. P. 1; *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Here, petitioner has not complied with this court's order requiring petitioner to file a status report every ninety days. *See* ECF No. 16 at 6. Accordingly, the court will require petitioner to show cause why the court should not dismiss the petition for his failure to prosecute and to comply with court order. By the deadline set forth below, petitioner must inform the court of the status of his state-court proceedings. In addition, petitioner must file every court order or opinion he has received from state court since the stay of this case in December 2017. The court will assess whether petitioner can still pursue his unexhausted claims in state court, and if appropriate, issue a new briefing schedule in this case. Petitioner's failure to comply with this order will result in the dismissal of this case without prejudice.

**Order**

1. Petitioner has thirty days from the service of this order to show cause why the court should not dismiss the petition for failure to prosecute and failure to comply with court order.

2. Petitioner's failure to comply with this order will result in the dismissal of the petition.

IT IS SO ORDERED.

Dated: April 12, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 202